# IN THE UNITED STATES DISTRICT COURT
# THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Dalton Green, | ) | |
|     Plaintiff | ) | |
| v. | ) | Case No. 26-56 |
| Terry Sheffield, in his individual capacity; | ) | |
| Wes Stumbo, in his individual capacity; | ) | |
| Jeff Collier, in his individual and official | ) | |
| capacities; and the Municipality of | ) | |
| Dauphin Island, | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983); DECLARATORY AND INJUNCTIVE RELIEF; DAMAGES; JURY DEMAND

INTRODUCTION

1. This is a civil action under 42 U.S.C. § 1983 seeking redress for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution arising from Defendants' unlawful, warrantless, and unauthorized entries into Plaintiff Dalton Green's home and curtilage, including but not limited to specific incidents on February 15, 2024, and a separate warrantless entry into the backyard at 1214 Biloxi Ave in Dauphin Island, Alabama.

2. Defendants, acting under color of state law, entered and searched Plaintiff's residence and property without a warrant, consent, or exigent circumstances, and without any lawful authorization. Their conduct violated clearly established constitutional rights to be free from unreasonable searches and seizures.

3. Plaintiff seeks declaratory and injunctive relief to prevent further violations, compensatory and punitive damages, and attorney's fees and costs.

PARTIES

4.  Plaintiff Dalton Green ("Plaintiff" or "Mr. Green") is a natural person and a resident of Mobile County, Alabama. At all relevant times, he resided at and/or lawfully possessed, occupied, and controlled the property located at 1214 Biloxi Ave, Dauphin Island, Alabama 36528 ("the Property").

5.  Defendant Terry Sheffield ("Sheffield") is a natural person who, at all relevant times, was employed by or acted as an agent for the Municipality of Dauphin Island and/or its departments, and was acting under color of state law.

6.  Defendant Wes Stumbo ("Stumbo") is a natural person who, at all relevant times, was employed by or acted as an agent for the Municipality of Dauphin Island and/or its departments, and was acting under color of state law. He is sued in his individual capacity.

7.  Defendant Jeff Collier ("Collier") is a natural person who, at all relevant times, was a policymaker, supervisor, and/or official for the Municipality of Dauphin Island, with authority over personnel, policies, customs, and practices relevant to this action. He is sued in his individual and official capacities.

8.  Defendant Municipality of Dauphin Island ("Municipality" or "Dauphin Island") is a municipal corporation organized under the laws of the State of Alabama and is a "person" within the meaning of 42 U.S.C. § 1983. At all relevant times, it maintained and enforced policies, customs, or practices, and/or failed to train, supervise, and discipline its employees and agents, that were the moving force behind the constitutional violations alleged herein.

JURISDICTION AND VENUE

9.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. The Court has jurisdiction to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202.

10. This Court has supplemental jurisdiction over related state-law claims.

11. Venue is proper in the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District, including in Dauphin Island, Alabama, and because Defendants reside in and/or are subject to the Court's personal jurisdiction in this District.

FACTUAL ALLEGATIONS

12. Plaintiff is the lawful resident, occupant, and/or owner of the Property located at 1214 Biloxi Ave, Dauphin Island, Alabama 36528.

13. On or about February 15, 2024, Defendants, including Sheffield and Stumbo, acting under color of state law and within the scope of their employment and authority

with Dauphin Island, entered upon the Property and into Plaintiff's residence and/or curtilage without a warrant.

14. At no time on February 15, 2024 did Plaintiff consent to Defendants' entry into his residence or curtilage.

15. There were no exigent circumstances on February 15, 2024 that justified a warrantless entry into Plaintiff's residence or curtilage.

16. Defendants' entry on February 15, 2024 was not supported by probable cause, any court order, or any other lawful authorization.

17. During the February 15, 2024 entry, Defendants physically entered areas of the Property intimately associated with the home, including the backyard and other curtilage, and interfered with Plaintiff's possessory interests and reasonable expectations of privacy.

18. In a separate incident, Defendants, acting under color of state law, entered the backyard of 1214 Biloxi Ave without a warrant, consent, or exigent circumstances.

19. Plaintiff did not consent to Defendants' entry into the backyard during the incident described in Paragraph 18.

20. Defendants' entries were intentional acts undertaken in the course of their official duties and pursuant to municipal policies, customs, and/or practices that tolerated, encouraged, or failed to prevent warrantless entries into private residences and curtilage absent lawful justification.

21. Defendant Collier, as a policymaker and/or supervisor for Dauphin Island, maintained, ratified, or was deliberately indifferent to policies, customs, or practices permitting or failing to prevent warrantless entries and searches, and failed to adequately train, supervise, and discipline personnel, including Sheffield and Stumbo, regarding constitutional limits on searches and seizures.

22. The Municipality's failure to implement adequate policies, training, supervision, and discipline was the moving force behind the constitutional violations suffered by Plaintiff.

23. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including emotional distress, mental anguish, invasion of privacy, loss of enjoyment and use of his property, and other compensatory damages in an amount to be determined at trial.

24. Defendants' conduct was willful, wanton, malicious, oppressive, and/or in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to punitive damages against the individual Defendants.

25. The Town of Dauphin Island has declared Plaintiff's home more than 50% damaged.

26. The Town of Dauphin Island issued a stop work order pertaining to construction, repair, or occupancy-related activity at the Property.

27. There is an ongoing criminal case against Plaintiff related to these events.

CLAIMS FOR RELIEF

Count I - Unreasonable Search and Seizure in Violation of the Fourth and Fourteenth Amendments (42 U.S.C. § 1983) - Against Sheffield and Stumbo (Individual Capacities)

28. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. By entering Plaintiff's residence and curtilage, including the backyard at 1214 Biloxi Ave, on February 15, 2024 and on the separate occasion described above, without a warrant, consent, probable cause, or exigent circumstances, Defendants Sheffield and Stumbo violated Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures.

30. The constitutional violations described herein were the direct and proximate cause of Plaintiff's damages.

31. Plaintiff is entitled to compensatory damages and punitive damages against Sheffield and Stumbo in their individual capacities, as well as declaratory and injunctive relief, attorney's fees, and costs.

Count II - Supervisory Liability and Ratification (42 U.S.C. § 1983) - Against Collier (Individual Capacity)

32. Plaintiff realleges and incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. Defendant Collier, with supervisory and policymaking authority, knew or should have known of patterns, practices, or a substantial risk that personnel under his supervision, including Sheffield and Stumbo, would engage in warrantless, unjustified entries into private residences and curtilage, and was deliberately indifferent to the need for adequate training, supervision, investigation, and discipline.

34. Collier's actions and omissions, including ratification of the conduct and/or failure to correct or prevent it, were a moving force behind the constitutional violations suffered by Plaintiff.

35. Plaintiff is entitled to compensatory and punitive damages against Collier in his individual capacity, as well as declaratory and injunctive relief, attorney's fees, and costs.

Count III - Municipal Liability (Monell) (42 U.S.C. § 1983) - Against Municipality of Dauphin Island

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. At all relevant times, Dauphin Island maintained official policies, longstanding customs, and/or practices, and/or failed to train, supervise, and discipline

personnel adequately, that permitted or were deliberately indifferent to warrantless, unjustified entries and searches of private residences and curtilage.

38. These municipal policies, customs, practices, and failures were the moving force behind the violations of Plaintiff's Fourth and Fourteenth Amendment rights as described herein.

39. Plaintiff is entitled to compensatory damages, declaratory and injunctive relief, attorney's fees, and costs against the Municipality.

Count IV - Declaratory Judgment (28 U.S.C. §§ 2201-2202) - Against All Defendants

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as if fully set forth herein.

41. An actual, present, and justiciable controversy exists between Plaintiff and Defendants regarding the lawfulness of Defendants' warrantless entries into Plaintiff's residence and curtilage.

42. Plaintiff seeks a declaration that Defendants' conduct, including the entries on February 15, 2024 and the separate entry into the backyard of 1214 Biloxi Ave, violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

Count V - Injunctive Relief - Against All Defendants

43. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff faces a real and immediate threat of future violations absent injunctive relief because Defendants have engaged in multiple unauthorized entries and continue to assert or exercise authority to enter Plaintiff's residence and curtilage without lawful justification.

45. Plaintiff seeks preliminary and permanent injunctions prohibiting Defendants from entering, searching, or seizing Plaintiff's residence and curtilage, including 1214 Biloxi Ave, without a warrant, valid consent, or exigent circumstances, and requiring the Municipality to implement constitutionally adequate policies, training, supervision, and discipline regarding searches and seizures.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a)   A declaration that Defendants' conduct, including the entries on February 15, 2024 and the separate entry into the backyard of 1214 Biloxi Ave, violated Plaintiff's rights under the Fourth and Fourteenth Amendments;

b)   Preliminary and permanent injunctive relief enjoining Defendants from entering, searching, or seizing Plaintiff's residence and curtilage, including 1214 Biloxi Ave, without a warrant, valid consent, or exigent circumstances, and requiring the

Municipality to adopt and implement constitutionally adequate policies, training, supervision, and discipline concerning searches and seizures;

c) Compensatory damages in an amount to be determined at trial;

d) Punitive damages against the individual Defendants to the extent permitted by law;

e) Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

f) Pre- and post-judgment interest as allowed by law; and

g) Such other and further relief as the Court deems just and proper.

JURY DEMAND

46. Plaintiff demands a trial by jury on all issues so triable. Plaintiff demands a trial by jury on all issues so triable

Date: February 14, 2026

Respectfully submitted,

/s/ Colin Al-Greene

Colin Al-Greene          ALG003
Attorney for Plaintiff
colin@al-greenelaw.com
251-202-7090

Colin Al-Greene
Colin Al-Greene, Attorney At Law
358 St. Louis Street
Mobile, AL, 36602

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion via electronic mailing via:

The Honorable Jeff Collier

As Mayor of Dauphin Island

jcollier@townofdauphinisland.org

Town of Dauphin Island

1011 Bienville Boulevard

Dauphin Island, Alabama, 36528


Mr. Nash Camball, Esq.

Prosecutor – Town of Dauphin Island

**Nash.campbell@arlaw.com**


Respectfully submitted this 14th day of February, 2026.


                                                    /s/ Colin Al-Greene
                                                    Colin Al-Greene              ALG003
                                                    Attorney for Plaintiff
                                                    colin@al-greenelaw.com
                                                    251-202-7090


Colin Al-Greene
Colin Al-Greene, Attorney At Law
358 St. Louis Street
Mobile, AL, 36602