**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DALTON GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO: 1:26-cv-00056-MU** |
| **v.** | ) | |
| | ) | |
| **TOWN OF DAUPHIN ISLAND;** | ) | |
| **TERRY SHEFFIELD; WES STUMBO;** | ) | |
| **and JEFF COLLIER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

Defendants Town of Dauphin Island, Terry Sheffield, Wes Stumbo, and Jeff Collier answer the Complaint, as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff is attempting to assert claims pursuant to 42 U.S.C. § 1983. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

2. Denied.

3. Denied.

## PARTIES

4. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

5. Defendants admit that Terry Sheffield is an employee of the Town of Dauphin Island. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

6.      Defendants admit that Wes Stumbo is an employee of the Town of Dauphin Island.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

7.      Defendants admit that Jeff Collier is the Mayor of the Town of Dauphin Island.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

8.      Defendants admit that the Town of Dauphin Island is a municipal corporation organized and existing under the laws of the State of Alabama.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

## JURISDICTION AND VENUE

9.      Defendants admit this Court has subject matter jurisdiction over any claims brought pursuant to 42 U.S.C. § 1983.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

10.     Denied.

11.     Admitted.

12.     Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

13.     Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

14.     Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

15.     Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

2

16.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

17.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

18.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

19.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

20.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Admitted.

26.    Admitted.

27.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

## CLAIMS FOR RELIEF

### As to Count I – Unreasonable Search and Seizure in Violation of the Fourth and Fourteenth Amendments (42 U.S.C. § 1983) – Against Sheffield and Stumbo (Individual Capacities)

28.    Defendants adopt their prior responses.

29.    Denied.

30.     Denied.

31.     Denied.

### As to Count II – Supervisory Liability and Ratification (42 U.S.C. § 1983) – Against Collier (Individual Capacity)

32.     Defendants adopt their prior responses.

33.     Denied.

34.     Denied.

35.     Denied.

### As to Count III – Municipal Liability (Monell) (42 U.S.C. § 1983) – Against Municipality of Dauphin Island

36.     Defendants adopt their prior responses.

37.     Denied.

38.     Denied.

39.     Denied.

### As to Count IV – Injunctive Relief – Against All Defendants

40.     Defendants adopt their prior responses.

41.     Denied.

42.     Denied.

### As to Count V – Injunctive Relief – Against All Defendants

43.     Defendants adopt their prior responses.

44.     Denied.

45.     Denied.

### As to the Prayer for Relief

a)      Denied.

b)      Denied.

c)      Denied.

d)      Denied.

e)      Denied.

f)      Denied.

g)      Denied.

### As to Jury Demand

46.      Defendants admit that Plaintiff requests a trial by jury.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, these Defendants acted with justification, and all their actions were justified.

### THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, these Defendants acted reasonably and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, these Defendants used only such force as was reasonably necessary under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert the right to use force in self-defense or in defense of others.

## SIXTH AFFIRMATIVE DEFENSE

Defendants assert that any force used was reasonable and necessary under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert the defense of assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert the defense of qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of state-agent immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of discretionary-function immunity.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants assert the defense of law-enforcement immunity pursuant to Alabama Code §6-5-338.1 through § 6-5-338.4.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of substantive immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of sovereign immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of self-defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which these Defendants had no duty or ability to control, thereby constituting an independent cause resulting in injury or death to Plaintiff's decedent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the sole proximate cause of Plaintiff's alleged injuries are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to these Defendants, and as such, these Defendants can have no liability whatsoever for the claims asserted in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants claim the protection of all applicable statutory caps on damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants claim the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, authority, and/or the requisite legal capacity or legal existence to maintain the present lawsuit and each and every claim and/or cause of action asserted herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damage in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a)    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

8

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h)     The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law;

9

(f)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g)      The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, Defendants acted with reasonable suspicion.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, Defendants acted with arguable reasonable suspicion.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, Defendants acted with probable cause.

### TWENTY-EIGHTH  AFFRIMATIVE DEFENSE

At all times material to the allegations of the Complaint, Defendants acted with arguable probable cause.

### TWENTY-NINTH  AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, Defendants used only such force as was reasonably necessary under the circumstances.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are due to be dismissed based on failure to comply with the applicable statutes of non-claim.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred based on the applicable statutes of limitation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert the defense of unclean hands.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred because a party cannot benefit from his own unlawful activity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert the protections and benefits of Alabama Code § 11-47-190.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants assert the protections and benefits of Alabama Code § 11-47-191.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert the protections and benefits of Alabama Code § 11-93-1 *et seq.*

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

An award of mental anguish damages in this case would violate Defendants' due process and equal protection rights guaranteed by the United States Constitution and the Constitution of

11

the State of Alabama because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants assert the defense of absolute immunity.

## FORTIETH AFFIRMATIVE DEFENSE

Defendants claim the benefits of all statutes limiting the liability of governmental entities and their employees or otherwise limiting the collection of judgments against governmental entities and their employees under Alabama law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants assert the defense of legislative and/or quasi-legislative immunity.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert the defense of judicial and/or quasi-judicial immunity.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to provide sufficient security for any declaratory or injunctive relief.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred by the federal abstention doctrines.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred based on the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to comply with applicable Alabama law for enjoining the enforcement of a municipal ordinance and/or municipal building codes.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of reverse federal preemption.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants plead all other affirmative defenses in bar or abatement of the claims asserted against them in the Complaint.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

/s/ Thomas O. Gaillard, III
THOMAS O. GAILLARD, III
*Attorney for Defendants Town of Dauphin Island, Terry Sheffield, Wes Stumbo, and Jeff Collier*

**OF COUNSEL:**
HELMSING LEACH HERLONG
 NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL  36652
(251) 432-5521
E-Mail: TOG@helmsinglaw.com

### CERTIFICATE OF SERVICE

I hereby certify that I have on this the 14th day of July 2026, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following undersigned counsel of record:

Colin Al-Greene, Esquire (*colin@al-greenelaw.com*)
COLIN AL-GREENE, ATTORNEY AT LAW
358 St. Louis Street
Mobile, AL 36602
*Attorney for Plaintiff*

/s/ Thomas O. Gaillard, III
OF COUNSEL

13